UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

**Eastern District of Kentucky**
F I L E D

JUN 1 4 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-476-GWU

DONNIE E. SPOONAMORE,                                          PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his application for Supplemental Security Income (SSI). The appeal is

currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled. If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)? If yes, proceed to Step 3. If no, the
      claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
      impairment(s) significantly limiting the claimant's physical or
      mental ability to do basic work activities? If yes, proceed to
      Step 4. If no, the claimant is not disabled. See 20 C.F.R.
      404.1520(c), 404.1521, 416.920(c), 461.921.

1

Spoonamore

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled.   If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

Spoonamore

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

Spoonamore

       pain arising from the condition; or (2) whether the objectively
established medical condition is of such a severity that it can
reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

1986).

       Another issue concerns the effect of proof that an impairment may be

remedied by treatment. The Sixth Circuit has held that such an impairment will not

serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health

and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same

result does not follow if the record is devoid of any evidence that the plaintiff would

have regained his residual capacity for work if he had followed his doctor's

instructions to do something or if the instructions were merely recommendations.

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,

1113 (6th Cir. 1986).

       In reviewing the record, the Court must work with the medical evidence before

it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.

1987). Further, a failure to seek treatment for a period of time may be a factor to be

considered against the plaintiff, Hale v. Secretary of Health and Human Services,

816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242

(6th Cir. 1990).

4

Spoonamore

Additional information concerning a specific step in the test is in order.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimus hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

## DISCUSSION

The administrative law judge (ALJ) found that Spoonamore suffered from early peripheral neuropathy of the lower extremities and had a history of alcohol abuse,[1] but nevertheless had no "severe" impairments. (Tr. 21). Accordingly, the claim for SSI was denied. (Id.).

There does seem some evidence in the record which would suggest that Spoonamore may genuinely suffer from some difficulties with his leg and feet. A May, 2003 x-ray showed "healing" fractures in the left foot. (Tr. 91). Other x-rays showed mild osteoarthritic changes in the left knee. (Tr. 96). The representative processing his claim that same month noted that the plaintiff moved very slowly and had difficulty standing. (Tr. 54). Later in the year, the plaintiff complained to the

---

[1]Substance abuse itself is no longer an appropriate basis for disability, as per Publ. L. 104-121.

5

Spoonamore

consultative examiner about a slight loss of vibratory sense and light touch and ambulated with an open stance gait; the examiner diagnosed, at least, very mild early peripheral neuropathy in the lower extremities. (Tr. 100).

Nonetheless, it does not appear that these diagnoses translated into specific functional limitations.  In the most detailed clinical examination findings of record, the consultative examiner specifically stated that the plaintiff was able to write and pick up coins without difficulty, could make a fist, had normal range of motion of the knees and ankles, could stand on one leg at a time, and had a gait that was not unsteady, lurching or unpredictable (Tr. 98-100), information which obviously is in contrast to Listing of Impairment Section 11.14 criteria and, beyond that, does not suggest significant functional difficulties. Several medical reviewers thereafter opined that the plaintiff's musculoskeletal problems were "less than severe" (Tr. 102, 133, 138), which further supports the ALJ's determination.

The plaintiff argues that the information supplied by Kevin Rowe was improperly discounted.  However, even Spoonamore admits that he only saw that doctor twice which mitigates against the existence of a truly long-term treating relationship. Rowe does not appear to have been the physician treating the plaintiff for his fractures in 2003 (Tr. 91-96) and there was no indication in his semi-legible progress notes that he had actually himself seen any x-rays for the plaintiff. No EMG/NCV test results were referred to, or appended to the progress notes. Examination findings were limited to one or two phrases, which appear to have been

6

Spoonamore

general findings such as a vague reference to decreased range of motion (Tr. 144).[2]
Thus, the problems experienced with the plaintiff's legs and feet could be determined
to be non-severe, within the meaning of the Social Security Act.

The plaintiff had also alleged that he had cataracts and was nearly blind. (Tr.
88). He was given an opthalmologic examination by Consultative Examiner Albert
Smolyar, who concluded that, although his cataracts could progress and further limit
him, he had no limitations in any type of activities from an ophthalmologic standpoint
at that time. (Tr. 135). Medical reviewers concurred, indicating that there was no
"severe" impairment. (Tr. 136, 138). Again, there appears to be substantial evidence
to support the ALJ's findings, even given the liberal standards of Farris, supra.

The decision will be affirmed.

This the ___14___ day of June, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[2]If the physician's clinical data was more definitive, the plaintiff has not specifically
pointed that out in his brief.

7